UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES,

      v.                                                  1:04-cr-0544

KUN FUK CHENG, et al.

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        The Chinese American Bank ("CAB") petitions the Court pursuant to 21 U.S.C. § 853(n) for: (1) a hearing to adjudicate the validity of its interest in two properties subject to forfeiture (the commercial property located at 1881 Central Avenue, Albany, New York 12205 and the commercial property located at 1471 Route 9 and 15 Plank Road, Halfmoon, New York); (2) for a determination that the CAB has legal right, title or interest in the properties pursuant to their first mortgage lien and security interest; (3) amendment of the preliminary order of forfeiture to allow release of the properties and to allow the CAB to proceed with foreclosure of the mortgage on the properties under New York law; and (4) an order directing the United States to take the property subject to CAB's mortgage lien and security interest and pay to CAB the total amount due under its note, mortgage and other loan documents plus default interest and attorneys' fees.

        In response to the petition, the United States acknowledges that the CAB has a superior interest in the properties, but reserves its right to dispute any claimed default interest

and attorneys fees. The United States represents that it will endeavor to reach an agreement with CAB as to its legitimate interest and satisfy that interest if and when the property is sold. The United States opposes CAB's request that the property be released for purposes of a foreclosure proceeding on the ground that CAB's remedy is limited to that of a superior interest to be adjudicated in an ancillary proceeding; not a foreclosure proceeding.

Based on the government's stipulation, a hearing pursuant to 21 U.S.C. § 853(n) is unnecessary at this time. The Court hereby finds that CAB has a superior interest in the subject property and any final order of forfeiture will account for CAB's interest. In fact, the government has stated that it intends to submit an amended preliminary order of forfeiture or final order of forfeiture after sentencing (or sooner) with a stipulation acknowledging CAB's interest. There may, however, be a dispute concerning the dollar amount of CAB's interest. If the parties are unable to agree on the dollar amount, that issue can be determined at a hearing after sentencing. Because CAB is seeking to foreclose on Defendant's interest in the property, CAB may not do so by foreclosure, but must instead proceed via an ancillary proceeding. Pacheco v. Serendensky, 393 F.3d 348, 353 (2d Cir. 2004); see also United States v. Phillips, 185 F.3d 183, 188 (4th Cir. 1999); United States v. Sec. Marine Credit Corp., 767 F. Supp. 260 (S.D. Fla. 1991). CAB has failed to point to any authority for the proposition that the Court can release the property for foreclosure or can direct the government to take the property subject to CAB's interest and require the government to pay to CAB the total amount due to it.

For the foregoing reasons, CAB's petition is GRANTED IN PART AND DENIED IN PART. The Court finds that CAB has a superior interest in the property that must be acknowledged in the final order of forfeiture. If the parties are unable to come to terms on

the value of CAB's interest in the property, the Court will hold a hearing after sentencing. In all other respects, CAB's petition is DENIED.

IT IS SO ORDERED.

Dated: April 26, 2006

Thomas J. McAvoy
Senior, U.S. District Judge